**ST. PAUL HOSPITAL, Plaintiff,**

v.

**Otis R. BOWEN, M.D. Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 3-86-0738-H.**

United States District Court, N.D. Texas, Dallas Division.

July 25, 1986.

Charles W. Cunningham, Jeffrey A. Carter, Johnson & Swanson, Dallas, Tex., for plaintiff.

Marvin Collins, U.S. Atty. by Mary Ann Moore, Asst. U.S. Atty., Dallas, Tex., Thomas Lewis Nelson, Atty., Office of the General Counsel, U.S. Dept. of Health & Human Services, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

SANDERS, District Judge.

Before the Court are Defendant's Motion to Dismiss, filed May 20, 1986; Plaintiff's Reply, filed June 12, 1986; Defendant's Reply, filed July 7, 1986; Defendant's Supplemental Authority, filed July 21, 1986; and Plaintiff's Response, filed July 21, 1986.

### Background

Plaintiff brought this action to challenge a reimbursement determination by the Secretary under the Medicare Programs for its malpractice insurance costs for the 1982 and 1983 fiscal years. The regulation ("the 1979 Rule") under which this determination was made has been held to be invalid by all eight Courts of Appeal which have considered the issue, including the Fifth Circuit. *DeSoto General Hospital v. Heckler,* 766 F.2d 182, as amended at 776 F.2d 115 (5th Cir.1985).

The Secretary issued an interim final rule, ("IFR"), on April 1, 1986. The Secretary contends that the IFR moots this action since it supersedes the invalid rule and

---

applies retroactively to pending claims. Therefore, the Secretary argues, a new final determination under the IFR must be issued before the Plaintiff can appeal. Plaintiff contests the Secretary's authority to issue a retroactive rule.

### Analysis

The Secretary contends that 42 U.S.C. § 1395x(v)(1)(A)(ii) provides the Secretary with the authority to apply the IFR retroactively. Plaintiff skillfully argues that § 1395x(v)(1)(A)(ii) does not apply to these circumstances, relying heavily on *Daughters of Miriam Center for the Aged v. Mathews*, 590 F.2d 1250 (3d Cir.1978). However, the Fifth Circuit rejected Plaintiff's position in *Springdale Convalescent Center v. Mathews*, 545 F.2d 943 (5th Cir. 1977), and this Court must follow that decision. The Court therefore concludes that the Secretary had authority to apply the IFR retroactively.

Because the IFR applies, there is no final decision of the Provider Reimbursement Review Board ("PRRB") on Plaintiff's claims. Without a final decision by the PRRB, the federal courts lack jurisdiction to consider Plaintiff's claims. 42 U.S.C. §§ 1395ii, 1395oo (f)(1). *Heckler v. Ringer*, 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984).

Finally, the Court does not agree with Plaintiff that *DeSoto* requires them to be reimbursed under the pre–1979 rule rather than the IFR. In *DeSoto* the Fifth Circuit remanded for payment under the pre–1979 Rule (after striking the 1979 Rule).[1] Unlike *DeSoto*, in this case there is a final rule governing the period in question. Remand under the 1979 Rule would thus be inappropriate.

### Conclusion

For the reasons stated above, this case is REMANDED to the Secretary for a determination by the PRRB. In light of the Secretary's representation on the progress of the redetermination process, Reply filed July 7, 1986 at 11–12, the Secretary is to file a status report by noon, *November 1, 1986*, on the progress of Plaintiff's claims. The Court expects the Secretary to resolve this case expeditiously.

SO ORDERED.

### ORDER

The Court is concerned about the slow progress of cases remanded to the Secretary from this Court. In order to better monitor their progress and to determine if additional measures are necessary, the Secretary is ordered to file a status report by noon, on the first day of the sixth month after each opinion which remands an action to the Secretary is filed, and on the first day of each month thereafter, until a final decision is entered by the Secretary. This Order applies to all cases decided by this Court from and after this date.

The status reports shall contain:

1. a description of the administrative posture of the case; and

2. an estimate of the time necessary to complete action on the case;

3. if more than 12 months will be required to issue a decision, an explanation of the extraordinary circumstances which justify the increased delay.

Failure to comply with this Order will result in sanctions.

The Clerk of the Court shall attach a copy of this Order to all remand orders.

SO ORDERED.

---

1. The *DeSoto* court initially remanded for payment, then on Petition for Rehearing remanded for consideration under a proposed rule, 766 F.2d at 186, then on Petition for Rehearing with Suggestion for Rehearing En Banc, reinstated its original position. 776 F.2d at 116.